IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID HARRIS,<br>    Plaintiff,<br><br>    v.<br><br>MICHAEL BARONE and DEBRA SAUERS,<br><br>    Defendants. | 1:11-cv- 256 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is PLAINTIFF'S MOTION IN LIMINE (ECF No. 37) filed, *pro se*, by David Harris ("Plaintiff"). Michael Barone and Debra Sauers ("Defendants") have filed a response in opposition (ECF No. 39). Accordingly, the motion is ripe for disposition. For the reasons that follow, the Court will **DENY** Plaintiff's motion.

### I. Background

The parties are well acquainted with the background of this case, so a full recitation of the factual and procedural history is not necessary. Briefly, Plaintiff, an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), was placed on cell restriction for a period of eighty-two (82) days on March 3, 2010, while incarcerated at the State Correctional Institution ("SCI") Forest County. As a result, he was not permitted to leave his cell in the restricted housing unit ("RHU") to use the showers or exercise, among other things. Defendants Barone and Sauers, the former superintendent and current superintendent of SCI-Forest, respectively, contend that the restriction was necessitated by Plaintiff's long history of assaultive behavior directed toward staff and fellow inmates, which included an attack with razor blades on a female

1

guard that occurred at SCI-Fayette in 2007 and led to Plaintiff's transfer from that facility to SCI-Forest.

Plaintiff initiated this action on December 12, 2011, with the filing of a complaint against the current Defendants, along with former DOC Secretary Jeffrey Beard and SCI-Forest corrections officer T. Murin. Plaintiff claims that the cell restriction constituted cruel and unusual punishment in violation of the Eight Amendment. Beard and Murin filed a motion for summary judgment as to the claims against them on August 23, 2012, which the Court (McLaughlin, J.) granted on January 15, 2013. Accordingly, the case is scheduled to proceed to trial against Defendants Barone and Sauers.

## II. Discussion

Plaintiff moves to exclude evidence related to his prison disciplinary history, arguing that it is inadmissible character evidence under Fed. R. Evid. 404(b). According to Plaintiff, Defendants have indicated that they plan to introduce his entire history of prison misconduct reports, dating back to 2003. Plaintiff appears to concede that Defendants should be permitted to introduce evidence related to incidents that occurred on January 13, 2010; February 17, 2010; and March 5, 2010. *See* Pl.'s Mot. in Limine 2 (ECF No. 37) (referring to those incidents and stating "defendants should not be permitted to use as evidence misconduct reports on plaintiff from *any other* incidents") (emphasis added). However, he argues that all of his other misconduct reports are inadmissible because they are not relevant for any purpose other than proving propensity to engage in violence.[1] Plaintiff argues that evidence related to the 2007

---

[1] Plaintiff has attempted to construe Defendant Barone's response to Interrogatory No. 2 as indicating that his decision to impose the cell restriction was solely on account of three assaults that took place in 2010. Thus, Plaintiff contends that those should be the only incidents about which evidence and testimony may be admitted. Pl.'s Mot. in Limine 2 (ECF No. 37). The question was as follows:

2

assault at SCI-Fayette that precipitated his transfer is inadmissible for the same reason. In their response, Defendants have clarified that they only intend to offer the following evidence with respect to Plaintiff's history of prison misconduct at trial: (1) evidence and testimony regarding the misconduct reports Plaintiff received at SCI-Forest involving assaults on staff from September 2009 through March 5, 2010; and (2) testimony from Defendant Barone (and possibly other SCI-Forest staff) regarding Barone's awareness of Plaintiff's assaultive behavior while incarcerated, including the 2007 incident at SCI-Fayette. Defendants argue that this evidence is admissible under Fed. R. Evid. 404(b) because it is not being offered to prove the truth of the matter asserted or Plaintiff's propensity to engage in assaultive acts, but instead to show Defendant Barone's knowledge and state of mind and to establish his rationale for the imposition of the cell restriction.

Under the Federal Rules of Evidence, "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." *Id.* 404(b)(2). Before admitting such evidence, the Court must consider: (1) whether it is logically relevant to any material issue other than propensity to commit bad acts, and (2) whether, pursuant to Rule 403, its probative value is substantially outweighed by its prejudicial effect. *U.S. v. Sampson*, 980 F.2d 883, 886

---

According to the DC-709 dated 3-5-10, you imposed upon plaintiff restrictions on, inter alia, exercise and showers for 90 days, due to plaintiff's alleged third assault on staff at SCI Forest in 2010; on what dates are these three assaults alleged to have occurred?

Def.'s Resp. to Pl.'s Mot. in Limine, Ex. 1 (ECF No. 39-1). Defendant Barone responded, "March 5, 2010, February 17, 2010, and January 13, 2010." *Id.* By responding in that manner, Barone was not stating that those were the *only* incidents that factored into his decision. A fair reading of Barone's responses, as a whole, indicates that he had observed an ongoing pattern of assaultive behavior and that the three incidents described in Plaintiff's interrogatory merely precipitated the immediate imposition of the restriction. Therefore, Defendants will not be limited to introducing evidence of just the three specific incidents in 2010.

(3d Cir. 1992). The Court "has 'considerable leeway'" in making that determination. *Id.* (citing 2 Weinstein & Berger, *Weinstein's Evidence*, ¶ 404[12] at 404–75 (1992)). Indeed, as the Court of Appeals recently stressed, Rule 404(b) "is inclusive, not exclusive, and emphasizes admissibility." *U.S. v. DeMuro*, 677 F.3d 550, 563 (3d Cir. 2012) (internal citation omitted).

In this case, to the extent that Plaintiff's record of misconduct factored into Barone's decision to place him on cell restriction, the Court agrees with Defendants that the evidence is relevant for a purpose other than proving Plaintiff's bad character and his having acted in conformity therewith. *See Womack v. Smith*, No. 1:06-CV-2348, 2012 WL 1245752, at *5 (M.D. Pa. Apr. 13, 2012). For example, in *Womack*, an inmate raised an Eighth Amendment challenge to the conditions of his confinement after having been placed in ambulatory restraints for a period of twenty-six (26) days. *Id.* at *1. Prior to trial, the inmate sought to exclude evidence of his prison disciplinary record under Rule 404(b). *Id.* at *4. The defendants responded that the evidence was admissible because it "establishe[d] a pattern of an inmate who has attempted to manipulate his situation and for whom discipline has not worked in the past. The disciplinary record thus informed defendants' decision about the use of restraints." *Id.* at *5. The court agreed, finding that the evidence was being offered for the purpose of establishing "defendants' knowledge or state of mind," which was relevant to Plaintiff's Eighth Amendment claim and thus did not cross the line into impermissible character evidence. *Id.* at *5.

This Court has held that an inmate's history of misconducts is admissible pursuant Rule 404(b) under similar circumstances. *See Murray v. Ennis*, No. 08-264, 2012 WL 3962645, at *5-6 (W.D. Pa. Sept. 11, 2012) (McLaughlin, J.), *aff'd*, 2013 WL 1814888 (3d Cir. May 1, 2013). *Murray* involved an inmate who claimed that prison officials retaliated against him in violation of his First Amendment rights by placing him in administrative custody after he filed several

4

grievances against prison staff. *Id.* at *1. At trial, the Court admitted evidence of the inmate's prior misconducts over his objection, explaining that it was relevant to proving "defendants' motives in making the decisions they made," *i.e.*, that their actions were not retaliatory. *Id.* at *6; *see also Diaz v. Alberts*, No. 10-5939, 2013 WL 2322485, at *2 (E.D. Pa. May 28, 2013) ("find[ing] that evidence of [plaintiff's] prior prison misconduct can be offered for the limited purposes of demonstrating a defendants' [sic] knowledge of plaintiff's prior violent misconduct at the time of the incident giving rise to his excessive force claim").

Just as in those cases, Plaintiff's prior misconducts – including the incident at SCI-Fayette – appear to have driven Barone's decision to place Plaintiff on the eighty-two (82) day cell restriction. Previous attempts at discipline had apparently not worked, and Barone believed that more severe restrictions needed to be put in place. Therefore, his testimony as to his knowledge of Plaintiff's prior misconducts is relevant to prove that he did not possess the state of mind necessary to establish an Eight Amendment conditions-of-confinement claim. *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) ("[P]rison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause."). Put simply, Barone must be able to explain why he did what he did, and he cannot do that without referring to Plaintiff's prior consistent assaultive behavior while incarcerated.

Turning to the second prong of the Rule 404(b) analysis, the Court must determine whether the evidence should survive a Rule 403 balancing test. *See Sampson*, 980 F.2d at 886. In this regard, the Court recognizes the prejudicial effect that the presentation of Plaintiff's disciplinary record may have on a jury. Nonetheless, the evidence is highly probative of an element of Plaintiff's claim, as it rebuts his contention that Barone acted unreasonably and with deliberate indifference. Furthermore, a jury instruction explaining the limited purpose for which

5

the evidence is admissible will minimize any prejudicial effect of the evidence. *See U.S. v. Daraio*, 445 F.3d 253, 265 (3d Cir. 2006). Thus, because the probative value of the evidence of Plaintiff's prison misconduct history is not substantially outweighed by its prejudicial effect, the Court finds that such proposed evidence is admissible for the limited purpose of establishing Barone's state of mind at the time he imposed the eighty-two (82) day cell restriction on Plaintiff.

To be clear, however, the misconduct reports are relevant only insofar as Barone was aware of them, such that he could have actually considered them in making his decision. *See Womack*, 2012 WL 1245752, at *5 (limiting prison officials testimony regarding inmate's prior misconduct to instances of which they were aware and expressly considered in making decision to restrain inmate). Accordingly, while Defendants' Pretrial Statement lists Plaintiff's "Misconduct History" and "All Misconducts from 2008 through May 2010" as potential trial exhibits, they will not be permitted to present evidence related to incidents which could have played no factor in Barone's decision. Moreover, the Court will not permit extensive inquiry into the specific details underlying the reports.

### III. Conclusion

In accordance with the foregoing, PLAINTIFF'S MOTION IN LIMINE is **DENIED**. An appropriate Order follows.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **DAVID HARRIS**
FC7039
SCI ALBION
10745 ROUTE 18
ALBION, PA 16475

**Mary Lynch Friedline, Esquire**
Email: mfriedline@attorneygeneral.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID HARRIS,

   Plaintiff,

  v.

MICHAEL BARONE and DEBRA SAUERS,

   Defendants.

)
)
)
) 1:11-cv- 256
)
)
)
)
)
)
)

# ORDER OF COURT

AND NOW, this 7th day of October, 2013, for the reasons set forth in the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED** and **DECREED** that PLAINTIFF'S MOTION IN LIMINE (ECF No. 37) is **DENIED**.

            BY THE COURT:

            s/Terrence F. McVerry
            United States District Judge

cc: **DAVID HARRIS**
   FC7039
   SCI ALBION
   10745 ROUTE 18
   ALBION, PA 16475

   **Mary Lynch Friedline, Esquire**
   Email: mfriedline@attorneygeneral.gov